669 A.2d 335

UPPER SALFORD TOWNSHIP and Upper Salford Township Citizens For Open Space, Appellants,

v.

Patrick T. COLLINS, Jr., Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 25, 1995.

Decided Dec. 29, 1995.

Marc B. Davis, Lansdale, Robert G. Bricker, Souderton, for Upper Salford Township.

Jacob C. Cohn, Philadelphia, for Upper Salford Township, Citizens for Open Space.

J. Edmund Mullin, Lansdale, Tina R. Makoulian, Philadelphia, for Patrick T. Collins, Jr.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal by allowance from an order of the Commonwealth Court which reversed an order of the Court of Common Pleas of Montgomery County affirming a decision of the Board of Supervisors (Board) of Upper Salford Township (township). The Board's decision upheld the township's zoning ordinance against a constitutional challenge by the appellee, Patrick Collins.

Collins owns two tracts of undeveloped land, totaling approximately 190 acres, in an area of the township zoned for residential-agricultural use. The zoning permits single-family detached dwellings on lots with a minimum size of 2 acres. However, Collins wishes to develop his property into two mobile home parks containing a total of 1,108 units, with portions of the land being used for convenience stores and a mobile home sales facility.

In 1988, Collins filed an action challenging the validity of the zoning ordinance, alleging that it unconstitutionally excludes all mobile home park development. The Board upheld the ordinance, finding that mobile home parks are permitted in the LI-limited industrial and LLI-light limited industrial districts of the township. The court of common pleas affirmed.

Commonwealth Court reversed on the basis that, because the ordinance does not expressly designate mobile home parks as a permitted use, such use is effectively prohibited. Inasmuch as the township provided no justification for a complete exclusion of mobile home parks, the court held the ordinance unconstitutional. See generally *Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970) (unconstitutionality of unwarranted complete exclusion of a land use).

The controlling principles of law are well settled. Zoning ordinances are presumed constitutional. *Fernley v. Board of Supervisors of Schuylkill Township*, 509 Pa. 413, 418, 502 A.2d 585, 587 (1985). Anyone challenging the constitutionality of such an ordinance bears a heavy burden of proof. *Id.* Uncertainties in the interpretation of an ordinance are to be resolved in favor of a construction which renders the ordinance constitutional. *Archbishop O'Hara's Appeal*, 389 Pa. 35, 50 n. 5, 131 A.2d 587, 594 n. 5 (1957); *Schmalz v. Buckingham Township Zoning Board*, 389 Pa. 295, 298, 132 A.2d 233, 234 (1957). In addition, zoning ordinances are to be liberally construed to allow the broadest possible use of land. *Bakerstown Container Corp. v. Richland Township*, 508 Pa. 628, 631, 500 A.2d 420, 421 (1985); *Fidler v. Zoning Board of*

*Adjustment,* 408 Pa. 260, 265, 182 A.2d 692, 695 (1962); 53 P.S. § 10603.1.

In cases such as the present one, where no additional evidence was taken subsequent to the Board's adjudication, appellate review is limited to determining whether the Board abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence. *Bakerstown Container Corp.,* 508 Pa. at 630, 500 A.2d at 421; *Fidler,* 408 Pa. at 262, 182 A.2d at 693. Here, we believe the Board properly determined that mobile home parks are permitted by the township's zoning ordinance.[1]

Ordinance section 801(A), which governs LI-limited industrial districts, permits a broad range of land uses. Uses are not limited to ones of an industrial character. Various agricultural, commercial, and residential applications are expressly allowed. In addition, section 801(A) permits *"[a]ny* individual use not specifically excluded, which meets the provisions of Section[s] 801 to 813 . . . ." (Emphasis added). Nowhere in the ordinance are mobile home parks "specifically excluded" from the township as a whole or from LI-limited industrial districts.[2] Sections 801 to 813 limit smoke emissions, odors, noise, bright lights, water pollution, etc. An examination of these sections reveals nothing that would expressly, or by effect, bar mobile home park development. In the hearings before the Board, the township presented expert testimony that mobile home parks would be able to comply with the requirements of sections 801 to 813, and, further, that they would have no difficulty meeting lot size and setback require-

1. We granted allocatur to review the Commonwealth Court's determination that the ordinance completely excludes mobile home park development. Commonwealth Court did not address the question of whether, absent a de jure exclusion of such development, there is a de facto exclusion. It is argued that Collins waived this issue by failing to present it during oral argument before the Commonwealth Court. Any possibility of waiver notwithstanding, we note that the claim of de facto exclusion was fully considered, and rejected, by both the Board and the court of common pleas. That no such exclusion occurred is a finding amply supported by the record.

2. Nearly all structures (including mobile homes) are excluded from the township's flood plain by section 1106 of the ordinance.

ments in LI-limited industrial districts. In short, in view of section 801(A)'s authorization of "any" use that complies with sections 801 to 813, the Board had ample basis for concluding that mobile home parks are permitted.

The Board also cited section 2305, which governs LLI-light limited industrial districts. That section permits as conditional uses requiring Board approval *"[a]ny* uses not specifically permitted by Section 2302 or specifically prohibited by Sections 2304 and 2307(A)...." (Emphasis added). Sections 2302, 2304, and 2307(A) enumerate a variety of permitted and prohibited uses. Permitted uses are not limited to ones of a light industrial character. A number of residential and commercial applications are expressly allowed. However, no reference is made to mobile home parks. Because mobile home parks are neither specifically permitted nor specifically prohibited by the relevant sections, they qualify as conditional uses under section 2305.

■ Zoning ordinances are to be construed in accordance with the plain and ordinary meaning of their words. *Bakerstown Container Corp.*, 508 Pa. at 631, 500 A.2d at 421–22. The plain meaning of sections 801(A) and 2305 is that mobile home parks are permitted in both LI-limited industrial and LLI-light limited industrial districts. This alone is sufficient to support the Board's conclusion that the parks are not excluded from the township. Given the additional principles of construction favoring a constitutional, i.e., non-exclusionary, interpretation, and favoring the broadest possible use of land, it is clear that the Board committed no abuse of discretion or error of law in interpreting the ordinance to allow mobile home park development. The Commonwealth Court's decision must, therefore, be reversed.

Order reversed.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).