746 A.2d 571

LIGHT OF LIFE MINISTRIES, INC., Appellant,

v.

CROSS CREEK TOWNSHIP, Robert N. Schubenski, Ralph T. Rankin and Mary Jo Brown, Supervisors,

and

Richard C. and Shirley M. Lehman, James V. and Linda D. Corwin, William Guy Cowden, John R. Pollana, James E. Stevens, Michael J. Wussick, Ralph M. and Martha R. Bell, John A. and Frances R. Skariot, Lawrence and Katherine Gardner, Jr., James Ragan, and Leon J. and Kathleen S. Pendracky, Appellees.

Richard C. and Shirley M. Lehman, James V. and Linda D. Corwin, William Guy Cowden, John R. Pollana, James E. Stevens, Michael J. Wussick, Ralph M. and Martha R. Bell, John A. and Frances R. Skariot, Lawrence and Katherine K. Gardner, Jr., James Ragan, and Leon J. and Kathleen S. Pendracky and the Board of Supervisors of Cross Creek Township, Appellees,

v.

Light of Life Ministries, Inc., Appellant.

Light of Life Ministries, Inc., Appellant,

v.

Cross Creek Township, Robert N. Schubenski, Ralph T. Rankin and Mary Jo Brown, and Richard C. and Shirley M. Lehman, James V. and Linda D. Corwin, William Guy Cowden, John R. Pollana, James E. Stevens, Michael J. Wussick, Ralph M. and Martha R. Bell, John A. and Frances R. Skariot, Lawrence E. and Katherine Gardner, Jr., James Ragan, and Leon J. and Kathleen S. Pendracky, Appellees.

Richard C. and Shirley M. Lehman, James V. and Linda D. Corwin, William Guy Cowden, John R. Pollana, James E. Stevens, Michael J. Wussick, Ralph M. and Martha R. Bell, John A. and Frances R. Skariot, Lawrence E. and Katherine Gardner, Jr., James Ragan, and Leon J. and Kathleen S. Pendracky, and the Board of Supervisors of Cross Creek Township, Appellees,

v.

Light of Life Ministries, Inc., Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided Feb. 22, 2000.

Dwight D. Ferguson, Pittsburgh, for Light of Life Ministries.

William A. Johnson, George B. Stegenga, Washington, for Cross Creek Tp.

Thomas H. Ayoob, III, Pittsburgh, for Richard C. et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

Light of Life Ministries, Inc., is a non-profit organization which seeks to provide shelter, food, clothing, and basic medical care to emotionally and sociologically disabled individuals and substance abusers. Light of Life provides these services at its facility located on a three hundred-twenty-two-acre tract of land, two hundred-sixty of which are located in Cross Creek Township. In 1992, Light of Life acquired this property from the predecessor in title, Serenity Farms, Inc., also a non-profit organization that provided shelter for similarly handicapped individuals. Serenity Farms had owned the property and provided similar services since the 1960s.

In 1980, the township enacted a zoning ordinance which classified the property as agricultural, allowing Serenity Farms to continue operations as a conditional use group home. After the transfer of the property, Light of Life continued operations as a group home under the conditional use without objection from either the township or its residents. In 1995, when Light of Life began making improvements to the property, a group of residents, under the name 'Cross Creek Concerned Citizens,' petitioned the township board of supervisors to close down the facility. Following a hearing, the township sent a letter to Light of Life directing it to discontinue its use of the property. Light of Life appealed to the township's zoning hearing board, which denied the appeal. Light of Life then appealed to the common pleas court. The court issued an order allowing Light of Life to continue operations at its present level, but prohibiting new construction or expansion pending a hearing by the zoning board or the supervisors on the merits.

Light of Life subsequently applied to the supervisors for an expansion of its conditional use in order to accommodate up to one hundred-sixty clients and staff over the next ten to fifteen

years.[1] After public hearings before the township planning commission and the board of supervisors, the supervisors granted the conditional use application. The supervisors imposed numerous conditions and restrictions on the conditional use despite their conclusion that the application satisfied the provisions of the zoning ordinance and that it would not adversely affect the township or its residents. Light of Life appealed to the common pleas court, challenging the validity of five of the twenty-three conditions imposed and asserting that the conditions constituted illegal discrimination under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. The residents' group also appealed, challenging the grant of the conditional use. The appeals were consolidated.

The trial court affirmed the grant of the conditional use and reversed four of the five conditions imposed by the supervisors.[2] The court referred the matter back to the board of supervisors for reconsideration of the basis established in the record for imposing limits on the number of residents allowed in the conditional use. The township subsequently issued supplemental findings in support of its imposition of client limits. The trial court then affirmed the condition placing limits upon the number of clients Light of Life could shelter, but did not address the fair housing act claim. Appellants and appellees filed appeals to the commonwealth court, which were consolidated. That court reversed the trial court and denied the application for conditional use entirely. Light of Life's petition for reargument was also denied and this appeal followed.

The issues are whether the commonwealth court erred in its interpretation of the zoning ordinance and whether that court improperly failed to address the issues raised under the fair

1. Light of Life's long-term plans entailed the construction of a complex including an administration building, dining hall, gymnasium, chapel, maintenance building and dormitories for residents and staff.

2. The fifth condition limited Light of Life to thirty clients for the first three years, allowing five clients per year to be added each year thereafter up to a maximum of fifty clients. In view of our disposition of this case, Commonwealth Court should revisit this issue on remand.

housing act. For the following reasons we hold that the commonwealth court's analysis was erroneous and reverse.

Article 8 of the zoning ordinance provides, in pertinent part, as follows:

GENERAL. Certain words used in this Ordinance are defined below. Words used in the present tense shall include the future. The singular number shall include the plural, and the plural the singular. The word shall is mandatory.

. . . .

INSTITUTIONAL RESIDENCE OR GROUP HOME. A dwelling occupied by a group of non-related persons or by a number of family units under the supervision and/or care of an institution or organization which is responsible for the welfare of the residents and for the maintenance and operation of the facility.

. . . .

DWELLING. Any building or a portion thereof which is designed for or used for residential purposes by a family or persons living together as a household unit.

. . . .

FARM DWELLING. A single family dwelling located on the same parcel of land with an agricultural activity or single family dwelling located on a parcel which is ten acres or larger in size.

. . . .

SINGLE FAMILY DWELLING. A dwelling, including a mobile home, designed for and/or occupied exclusively by one family or group of not more than five unrelated persons living as a household unit.

Section 204 of the ordinance provides that an institutional residence or group home is a permissible conditional use in an agricultural district.

■ Commonwealth Court concluded that a group or residence home consisting of five or more unrelated persons is not a permissible use. In arriving at this conclusion the court

focused on the word 'dwelling,' concluding that since this noun was in the singular, a group or residence home can only consist of a single building. The court accordingly determined that since a group or residence home could only comprise a single dwelling unit, then the definitions for 'farm dwelling' and 'single family dwelling' applied, therefore concluding that the proposed use fell outside the definition of an institutional residence or group home as defined in the ordinance. Light of Life argues that the court applied a tortured interpretation of the ordinance to reach its conclusion. We agree.

■ We have held that "zoning ordinances are to be liberally construed to allow the broadest possible use of land." *Upper Salford Township v. Collins*, 542 Pa. 608, 669 A.2d 335, 336 (1995). Furthermore, "zoning ordinances are to be construed in accordance with the plain and ordinary meaning of their words." *Id.* at 337.

Here, the commonwealth court misapprehended that, in addition to defining farm dwellings and single family dwellings, the ordinance explicitly defines group homes or institutional residences as an approved conditional use; disregarded the mandatory application of the word "shall" and interpreted the ordinance contrary to its plain language that "the singular number shall include the plural, and the plural the singular;" and relied on the definitions of single family and farm dwellings, terms which do not appear in the definition of residence or group home. Rather, group homes are conditional uses, separate and distinct entities from the five types of dwellings defined in the ordinance.[3]

Regarding the second issue, Commonwealth Court determined that the fair housing act challenge was moot as the conditional use permit was issued erroneously. Because that court was in error on the first issue and failed to address the fair housing act issue, we cannot reach the merits of this claim and remand to Commonwealth Court for further proceedings.

---

**3.** Farm dwellings; multi-family dwellings; non-farm dwellings; single-family dwellings; and two-family dwellings.

Reversed and remanded for disposition consistent with this opinion.