**Robert PHILLIPS, Appellant,**

v.

**ZONING HEARING BOARD OF MONTOUR TOWNSHIP,**

v.

**Montour Township.**

Commonwealth Court of Pennsylvania.

Argued April 3, 2001.

Decided June 21, 2001.

Franklin E. Kepner, Jr., Berwick, for appellant.

Richard J. Roberts, Jr., Shamokin, for appellee, Montour Township.

Charles H. Saylor, Sunbury, for appellee, Zoning Hearing Board of Montour Township.

Before COLINS, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

KELLEY, Judge.

Robert Phillips (Landowner) appeals from an order of the Court of Common Pleas of the Twenty-sixth Judicial District (Columbia County Branch) (trial court) that affirmed the decision of the Zoning Hearing Board (ZHB) of Montour Township (Township) which denied Landowner's application for a change of use of his property.

Landowner entered into an agreement of sale for a 2.59–acre parcel of property located in a highway/commercial district, a district that allows a cabaret/nightclub use as of right. Landowner wished to change the use from a physical fitness center to a cabaret use. The only requirement is set forth in Section 402(5)(Q) of the Montour Township Zoning Ordinance (Ordinance), which states that:

> It shall be unlawful to establish an adult bookstore, an adult motion picture theatre or a cabaret within one thousand (1,000) feet of an existing adult bookstore, adult motion picture theatre or cabaret.

Reproduced Record (R.R.) at 44–45.

Landowner's application was rejected by the Township zoning officer asserting that an existing cabaret is located within 1,000 feet of Landowner's proposed cabaret. At the hearing before the ZHB, both Landowner and the Township presented witnesses that testified about the distance between the two properties. Landowner's witness testified that the buildings were 1,001.3 feet apart. The Township's witness also testified that he measured the distance between the physical corners of the existing buildings, which he measured at 1,000.92 feet. However, the Township's witness also testified about measurements from lot line to lot line, finding a distance of 933.04 feet.

■ The ZHB interpreted the Ordinance to require the 1,000 foot measurement to be taken from lot line to lot line not building to building and, therefore, upheld the decision of the zoning officer, denying Landowner's application. On appeal, the trial court affirmed the ZHB's decision.[1] Landowner now appeals to this Court.[2]

Landowner contends that the Ordinance is ambiguous because the provision applied to his requested use as to where the measurements are to be taken is undefined. Landowner contends that restrictions on a permitted use are to be construed broadly so as to give the landowner the benefit of the least restricted use. Also, Landowner suggests that while the legislative intent is of primary concern when interpreting an ordinance, the letter and specific terms cannot be disregarded under the pretext of pursuing its spirit. Therefore, Landowner argues that since the Ordinance is silent as

1. The Township intervened in the trial court proceedings and has filed a brief in support of the Board's decision with this Court.

2. Our scope of review in a zoning appeal where the trial court took no additional evidence is limited to a determination of whether the zoning hearing board committed an abuse of discretion or an error of law. *Appeal of M.A. Kravitz Co., Inc.*, 501 Pa. 200, 460 A.2d 1075 (1983).

to any additional restrictions, it should be construed to benefit the landowner.

In response, the Township and the Board argue that the ZHB has the power to interpret the meaning of the ordinance as it applies to the facts and cannot be reversed unless it errs in its interpretation. The Township and the Board also contend that the distance must be measured from one adult use to another, i.e., from one lot devoted to such a use to another lot so devoted. The Township and the Board argue that pursuant to the definition of use found in the Ordinance, there can be only one principal use on a lot.[3] Therefore, the Township and the Board contend, that when a building on a lot is devoted to particular use, the entire lot takes on the character of that use.

The Township and the Board contend further that this is standard zoning practice and cite to *Phillips v. Borough of Keyport*, 107 F.3d 164 (3rd.Cir.), *cert. denied*, 522 U.S. 932, 118 S.Ct. 336, 139 L.Ed.2d 261 (1997), as support for this proposition. The Township and the Board assert that the court in *Phillips* stated that "the borough zoning ordinance, in accordance with customary zoning practice, defined 'use' in such a way that the entirety of each lot takes on the character of the purpose for which any building thereon is utilized." *Id.* at 176. Quoting the definition of "lot" found in the Ordinance, which states "a designated parcel, tract or area of land, established by a plat or otherwise or permitted by law and to be used, developed or built upon as a unit," [4] the Township and the Board emphasize that use and lot are intertwined. The Township and the Board further suggest that the parking area surrounding the building is a functioning part of the use.

As correctly stated by Landowner, "while the legislative intent of the governing body which enacted the ordinance is of primary concern when interpreting a zoning ordinance, the letter of the ordinance is not be disregarded under the pretext of pursuing its spirit." *Borough of Fleetwood v. Zoning Hearing Board of the Borough of Fleetwood*, 538 Pa. 536, 547, 649 A.2d 651, 656 (1994). Our Supreme Court has held that " 'zoning ordinances are to be liberally construed to allow the broadest possible use of land' " and that " 'zoning ordinances are to be construed in accordance with the plain and ordinary meaning of their words.' " *Light of Life Ministries, Inc. v. Cross Creek Township, et. al*, 560 Pa. 462, 467, 746 A.2d 571, 573 (2000) (quoting *Upper Salford Township v. Collins*, 542 Pa. 608, 610–12, 669 A.2d 335, 336–37 (1995)). Zoning ordinances should be construed in a sensible manner. *Council of Middletown Township v. Benham*, 514 Pa. 176, 523 A.2d 311 (1987). It is an abuse of discretion for a zoning hearing board to narrow the terms of an ordinance and further restrict the use of property. *In re Appeal of Shirk*, 114 Pa.Cmwlth. 493, 539 A.2d 48 (1988).

Herein, the language of the Ordinance restricts the establishment of an adult book store, an adult motion picture theater or a cabaret within 1000 feet of any such existing establishment. The language of the Ordinance does not specifically refer to how the 1000 feet distance is to be measured, i.e., from building to building or from lot line to lot line. The ZHB opined that the measurement is to be taken from the corner property lines of each of the respective lots and not the corners of just the buildings. However, the language of the Ordinance is not that restric-

---

**3.** *See* Supplemental Reproduced Record (S.R.R.) at 6b.

**4.** *See* S.R.R. at 5b.

**344**

tive and, as stated previously herein, it is an abuse of discretion for a zoning hearing board to narrow the terms of an ordinance and further restrict the use of a landowner's property. By interpreting the language of the Ordinance to mean that the measurement is to be taken from the corner property line of each respective lot, the ZHB has in effect narrowed the terms of the Ordinance and further restricted the use of Landowner's property. This is clearly in contravention of the well settled principle that where doubt exists as to the intended meaning of the language written and enacted by the governing body, the language shall be interpreted in favor of the landowner and against any implied extension of the restriction. *See Kissell v. Ferguson Township Zoning Hearing Board,* 729 A.2d 194 (Pa.Cmwlth.1999). In addition, we believe that the ZHB's interpretation is an obvious attempt to disregard the letter of the Ordinance in order to pursue its spirit.

Moreover, the Township's and the Board's reliance on *Phillips* to support the ZHB's interpretation that the measurement should be taken from lot line to lot line based on the statement that "zoning ordinance[s], in accordance with customary zoning practice, define[ ] 'use' in such a way that the entirety of each lot takes on the character of the purpose for which any building thereon is utilized," is misplaced. Although the foregoing statement is contained in the Third Circuit's decision in *Phillips,* the court was merely reciting an expert's opinion testimony as to why a lot could not be used for an adult bookstore. The Third Circuit was not called upon to determine whether a lot takes on the character of the purpose for which any building thereon is utilized and the court clearly did not render a holding in this regard.

Accordingly, the trial court's order affirming the ZHB's decision is reversed.

### ORDER

AND NOW, this *21st* day of *June,* 2001, the order of the Court of Common Pleas of the Twenty-sixth Judicial District in the above captioned matter is reversed.