# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cheri Ann Leinberger, | : | |
| Matthew S. Leinberger, | : | |
| Daniel P. Seneca, Kathleen Seneca, | : | |
| William J. Necker and | : | |
| Michael R. Kutchmarick | : | |
| | : | |
| v. | : | No. 2318 C.D. 2015 |
| | : | Argued: June 6, 2016 |
| Lynn Township Zoning Hearing Board | : | |
| | : | |
| v. | : | |
| | : | |
| 4 DAD, LLC, | : | |
| Appellant | : | |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                                    FILED:  July 28, 2016


        4 DAD, LLC, (Applicant) appeals from an order of the Court of Common Pleas of Lehigh County reversing the decision of the Township of Lynn Zoning Hearing Board (ZHB) to grant an application for a special exception use for the Applicant to operate a commercial, for-profit event center on the subject property located in the Township's Agricultural Preservation Zoning District (APZD).[1]  The provision of the Lynn Township Zoning Ordinance (Ordinance) at

---

[1] Section 341 of the Lynn Township Zoning Ordinance (Ordinance) sets forth the intent of the APZD district and provides as follows:
**(Footnote continued on next page…)**

issue is Section 542.3, which provides as follows: "All commercial recreation areas shall front on or have direct access to an arterial or collector road as designated in the Lynn Township Comprehensive Plan. (Ord. 97-5)[.]" Section 542.3 of the Ordinance; Reproduced Record (R.R.) at 185a. There being no dispute that the subject property does not front on an arterial or collector road, the sole issue is whether the ZHB erred in concluding that the subject property had the requisite direct access.[2] Having determined that the ZHB erred in rendering its determination, we affirm the order of the trial court.[3]

The relevant background of this matter is as follows. In 2014, the Applicant purchased the 20.039-acre property at issue, located at 7939 Springhouse Road, New Tripoli, Pennsylvania, situated at the base of Blue Mountain, and consisting of a stone farmhouse and a barn both of which "are currently in poor shape and not up to building code standards." April 22, 2015, Decision of the ZHB, Finding of Fact (F.F.) No. 8. The adjoining properties

_____

**(continued…)**

The purposes of this district are to promote the continued use of the area for agricultural purposes and to protect the integrity of the area for agricultural uses. Although limited non-agriculturally related residential development is permitted, this district is not intended to serve as an area for widespread suburban/exurban development.

Section 341 of the Ordinance; Reproduced Record (R.R.) at 102a.

[2] Pursuant to Section 344.3 of the Ordinance, a commercial recreation area is permitted in the APZD by special exception if three specific criteria are met: (1) adequate sanitary facilities (Section 542.1); (2) a noise level within applicable standards (Section 542.2); and (3) frontage on or direct access to an arterial or collector road (Section 542.3). Sections 344.3 and 542 of the Ordinance; R.R. at 104a and 185a. The ZHB concluded that the Applicant satisfied the first two criteria and those are not in issue here.

[3] Where, as here, common pleas did not take additional evidence, we are limited to reviewing whether the ZHB committed an abuse of discretion or an error of law. *Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 721 A.2d 43, 46 (Pa. 1998).

2

consist of single-family residences and farms.  In accordance with Section 344.3 of Ordinance, the Applicant sought a special exception for "a commercial recreation area"[4] use and proposed the following:  "The existing barn on the property will be restored and utilized for a banquet/wedding/meeting venue.  The existing stone house will be restored and used as a caretaker's residence.  The remainder of the property will remain as open space."  Lynn Township ZHB Application for Appeal; R.R. at 4a.  Objectors included neighboring residents and land owners, who argued, *inter alia*, that the Applicant did not satisfy the requirement for direct access.

In determining that the Applicant established direct access, the ZHB observed:

> Lynn Township is a large township with many properties being located miles from arterial or collector roads or "off the beaten path."  So if a property does not "front on" an arterial or collector road it must prove it has "direct access" to such a road to satisfy [the Ordinance].  Is this a matter of distance, or drive time, or being a straight line route, or just showing that there is a clear, uncomplicated path to travel from the arterial or collector road to a property?

April 22, 2015, Decision of the ZHB at 7.  In view of the fact that the Board of Supervisors of Lynn Township as the legislative body that enacted the Ordinance did not specify what constituted "direct access," the ZHB indicated its intention to construe the phrase in accordance with Section 603.1 of the Pennsylvania Municipalities Planning Code (MPC),[5] which provides:

---

[4] A "commercial recreation area" is defined as "a recreation area operated on a profit basis which is open to the general population."  Section 923 of the Ordinance; R.R. at 277a.

[5] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 48 of the Act of December 21, 1988, P.L. 1329.

3

> In interpreting the language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing body, in favor of the property owner and against any implied extension of the restriction.

53 P.S. § 10603.1. To that end, the ZHB relied on dictionary definitions of "direct," "a straight or undeviated line," and "access," "[a]n opportunity or ability to enter, approach, pass to and from[.]" April 22, 2015, Decision of the ZHB, Conclusion of Law No. 6. In applying those definitions, the ZHB concluded that direct access was satisfied.[6] On appeal, common pleas reversed without taking additional evidence. We agree that the Applicant failed to satisfy the direct-access criterion,[7] and so affirm.

> The applicable law is well established regarding special exceptions:

> In addressing an application for a special exception, a zoning hearing board must employ a shifting burden of persuasion. Initially, the applicant must demonstrate its

---

[6] In view of the condition of Behler and Springhouse Roads, the ZHB as one of its conditions of approval recommended that the supervisors, as part of the land development plan process, require the Applicant to widen those connector roads in order to make them safer. April 22, 2015, Decision of the ZHB at 9.

[7] Common pleas determined that the ZHB ignored the plain language of Section 542.3 of the Ordinance in contravention of the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, and case law providing that ordinances are to be construed in accordance with the plain and ordinary meaning of their words. The court reviewed the intervening nature of the connector roads at issue and opined that the Applicant did not satisfy the direct-access requirement where there was an "interposition of one or more country roads between the Subject Property and Route 143 . . . ." October 29, 2015, Trial Court Opinion at 8. We depart from common pleas' rationale only to the extent that it suggested that the ordinance "would seem to require a commercial recreation area in the APZD not fronting on an arterial or collector road have a driveway and nothing else between it and an arterial or collector road." *Id*. at 7-8. We need not decide here whether the ordinance imposes such a harsh restriction or, rather, would allow the exception where the road from which the property is accessed (either directly or by a driveway) leads directly to an arterial or collector road.

4

> entitlement to a special exception by establishing compliance with the specific objective requirements for the exception detailed in the ordinance. Once the applicant has satisfied this initial burden, the burden then shifts to any objectors to establish that the proposed exception would be detrimental to the public health, safety and welfare.

*Smith v. Zoning Hearing Bd. of Huntington Borough*, 734 A.2d 55, 59 (Pa. Cmwlth. 1999) (citations omitted). There is a presumption that the local legislature considered that the special exception use satisfies local concerns for general health, safety, and welfare. *Shamah v. Hellan Twp. Zoning Hearing Bd.*, 648 A.2d 1299, 1303 (Pa. Cmwlth. 1994).

In the present case, the specific objective requirement at issue, in relevant part, required the applicant to establish direct access to an arterial or collector road as designated in the Township's Comprehensive Plan. In ascertaining whether the ZHB erred in its interpretation of the direct-access provision, we note that the primary objective in construing ordinances is to determine the intent of the legislative bodies that enacted them. *Aldridge v. Jackson Twp.*, 983 A.2d 247, 253 (Pa. Cmwlth. 2009). It is well established that the best way to determine intent is via the plain language of the ordinance provision. *Id*.

Here, the ZHB concluded that the Applicant satisfied the direct-access requirement by virtue of demonstrating "a clear, uncomplicated path of travel from PA-143 to the subject premises . . . ." April 22, 2015, Decision of the ZHB at 7. This construction would seem not only vague, but so broad as to encompass almost any property in a small zoning district (as here)[8] that is not land locked. Any route

---

[8] During oral argument, counsel for objectors referred to a map depicting the pertinent area of the Township's Comprehensive Plan, in which there appears to be no property within the

**(Footnote continued on next page…)**

that can be readily ascertained by consulting a map is clear, and if a person lives near the Turnpike in western Pennsylvania, he has a path to New Jersey that is both clear and uncomplicated. Such an interpretation renders the direct-access criterion meaningless, which cannot have been the intent of the Board of Supervisors in enacting the provision. Moreover, the ZHB's application of the ordinance is not even consistent with its own interpretation of the ordinance language. It concluded that the direct-access portion of the ordinance was met:

> because two paths, by Behler Road and by Saw Mill and Ontelaunee Roads, provide access from Route 143 [an arterial or collector road] to Springhouse Road and the entrance to the subject premises. If one does not deviate from them, one may get directly from Route 143 to the entrance to the subject premises at Springhouse Road.

*Id*. at 6. However, as the trial court noted:

> Springhouse Road is not an arterial or collector road [nor are Behler, Sawmill, or Ontelaunee Roads]. Yet one must traverse along at least two of those roads between the subject property and Route 143.
> \*\*\*
> The dictionary definition of "direct" relied on by the Board was "a straight or undeviated line." Neither of the routes between the subject property and Route 143 was straight or undeviated. Each required turns from one intervening road onto another. Indeed, taking the Board's interpretation to its logical conclusion, any place would have "direct access" to another place if one did not deviate from a prescribed route regardless of how many different roads it took to get there. That interpretation is so strained that it completely eviscerated the meaning of "direct."

---

(continued…)

APZD that is greater than three local roads away from an arterial or collector road. R.R. at 48a. Although not part of the certified record, Objectors assert the map is a public document, and neither its inclusion in the reproduced record nor counsel's description of it during argument was disputed.

October 29, 2015, Trial Court Opinion at 7. We agree.

While it is true that a zoning hearing board's interpretation of its own ordinance is entitled to great weight and deference from a reviewing court,[9] the board's construction must be sensible and consistent with the plain and ordinary meaning of the words of the ordinance. *Phillips v. Zoning Hearing Bd. of Montour Twp.*, 776 A.2d 341, 343 (Pa. Cmwlth. 2001). In the instant case, we conclude that the ZHB did not render a reasonable interpretation of the phrase "direct access."

Accordingly, we affirm the trial court's reversal of the ZHB's decision to grant the Applicant's application for a special exception use.

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[9] *Tri-County Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488, 510 (Pa. Cmwlth.), *appeal denied*, 101 A.3d 788 (Pa. 2014).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheri Ann Leinberger,      :
Matthew S. Leinberger,     :
Daniel P. Seneca, Kathleen Seneca,  :
William J. Necker and     :
Michael R. Kutchmarick    :
             :
     v.      :  No. 2318 C.D. 2015
             :
Lynn Township Zoning Hearing Board :
             :
     v.      :
             :
4 DAD, LLC,       :
       Appellant  :

# **O R D E R**

AND NOW, this 28th day of July 2016, the order of the Court of Common Pleas of Lehigh County is hereby AFFIRMED.

            _____
            **BONNIE BRIGANCE LEADBETTER,**
            Senior Judge