**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1239
_____

CORNERSTONE RESIDENCE, INC.,

Appellant

v.

CITY OF CLAIRTON, Pennsylvania; GEORGE GLAGOLA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-17-cv-00706)
District Judge:  Honorable Nora B. Fischer

_____

Argued on September 11, 2018

Before:  JORDAN, VANASKIE and RENDELL, <u>Circuit Judges</u>

(Filed: December 31, 2018)

Donald Driscoll          **(Argued)**
Community Justice Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA   15222

Brian V. Gorman
Southwestern Pennsylvania Legal Aid Society
10 West Cherry Avenue
Washington, PA   15301

Counsel for Appellant

John C. Hansberry          **(Argued)**
Nathan J. Marketich
Fox Rothschild
500 Grant Street
BNY Mellon Center, Suite 2500
Pittsburgh, PA   15219

Counsel for Appellee

_____

O P I N I O N*

_____

**RENDELL**, *Circuit Judge*:

Cornerstone Residence, Inc. is a non-profit corporation established to operate sober living residences for recovering drug and alcohol addicts.  It wanted to establish one such residence in the City of Clairton, so it executed an agreement of sale to purchase a house and sought an occupancy permit from the City.  Cornerstone argues that the City considered the residence to be a Treatment Center and denied its application because such centers were not permitted in that location.  Cornerstone challenged this denial, urging that the City is discriminating against recovering addicts in violation of the Fair Housing Amendments Act ("FHAA").  In its view, the zoning ordinance ("the Ordinance") that the City purportedly relied on to deny its application was both discriminatory as applied to Cornerstone and discriminatory on its face.  The District Court dismissed both claims.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Cornerstone appeals only the facial challenge. It argues that the definition of Treatment Center in the Ordinance facially discriminates against recovering addicts—a protected group under the FHAA—by limiting where residences that serve them may be located. We agree, however, with the City and the District Court that the Ordinance does not facially discriminate against recovering addicts. Therefore, we will affirm the District Court's order.

I

Cornerstone brings only a facial challenge. Thus, Cornerstone's claim requires us to determine whether the explicit terms of the Ordinance are discriminatory. This inquiry is largely one of statutory interpretation. Therefore, we will limit our background discussion to the Ordinance and the FHAA.

Like most American cities, Clairton regulates the use of property through zoning ordinances. As relevant here, Clairton does not permit a Treatment Center to be located in residential areas. Clairton Ordinance at Table 301. The definition of Treatment Center encompasses several uses, including:

> A use (other than a prison or a hospital) providing housing for three or more unrelated persons who need specialized housing, treatment and/or counseling because of … [c]urrent addiction to a controlled substance that was used in an illegal manner or alcohol…

*Id.* at § 337-12.

In 1988, Congress passed the Fair Housing Amendments Act to prohibit housing-related discrimination against handicapped persons. Pub. L. No. 100–430, § 6, 102 Stat.

3

1619, 1620–21 (1988). The FHAA defines handicap as "a physical or mental impairment which substantially limits one or more of such person's major life activities … but such term does not include current, illegal use of or addiction to a controlled substance." 42 U.S.C. § 3602(h). The FHAA, therefore, provides that current addicts are not a protected group. However, we have held, consistent with other courts, that recovering addicts are. *See Lakeside Resort Enterprises, LP v. Bd. of Sup'rs of Palmyra Twp.*, 455 F.3d 154, 156 n.5 (3d Cir. 2006) ("We note that at least two other courts have held that recovering alcoholics and drug addicts are handicapped, so long as they are not currently using illegal drugs.").

Cornerstone brought both an as-applied and a facial discrimination claim under the FHAA at the District Court. The District Court granted the City's motion to dismiss both claims. First, the Court held that Cornerstone's as-applied challenge was not ripe, as Cornerstone had not exhausted its administrative remedies by appealing its denial to the Zoning Board. Second, although the Court found that Cornerstone's facial claim was ripe under Third Circuit precedent, *see County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006), it held that the definition of Treatment Center did not violate the FHAA. Cornerstone appealed the District Court's dismissal of its facial challenge.[1]

---

[1] The District Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review this grant of a motion to dismiss *de novo*. *Fallon v. Mercy Catholic Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487, 489 n.5 (3d Cir. 2017).

4

## II

Typically, a plaintiff is required to show that "some discriminatory purpose was a 'motivating factor'" to prevail in a FHAA claim. *Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 177 (3d Cir. 2005). But such a showing is not required "where a plaintiff demonstrates that the challenged action involves disparate treatment through explicit facial discrimination." *Id.* Because Cornerstone attempts to show this sort of "explicit facial discrimination," we focus on the "explicit terms of the discrimination" as opposed to the manner in which it was applied to the plaintiff. *Id.* (citing *Int'l Union, United Auto. Aerospace & Agric. Implement Workers v. Johnson Controls, Inc.,* 499 U.S. 187, 199 (1991)).

We apply Pennsylvania law when interpreting a municipal ordinance. *See Borough of Fleetwood v. Zoning Hearing Bd. of Borough of Fleetwood*, 538 Pa. 536, 548 (Pa. 1994). Accordingly, we are guided by the rules set forth in the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1921, as interpreted by the Pennsylvania Supreme Court. These rules instruct us that "[z]oning ordinances are to be construed in accordance with the plain and ordinary meaning of their words." *Upper Salford Twp. v. Collins*, 669 A.2d 335, 337 (Pa. 1995). "Where the words in an ordinance are free from all ambiguity, the letter of the ordinance may not be disregarded under the pretext of pursuing its spirit." *Bailey v. Zoning Bd. Of Adjustment of City of Philadelphia*, 569 Pa. 147, 163 (2002). But when the ordinance is not clear, the legislature's intent may be discerned by considering a variety of other factors. *See* 1 Pa.C.S.A. § 1921 (c).

Cornerstone advances two main arguments in support of its argument that the Ordinance facially discriminates against recovering addicts: first, the phrase "was used" expands the phrase "current addiction" to include recovering addicts; and second, the context and structure of the Ordinance reflect the legislative intent to adopt that meaning. We find, however, that the text is clear: housing for recovering addicts is not included in the definition of Treatment Center. Furthermore, even if the text was ambiguous, the overall structure and surrounding circumstances of the Ordinance evince a legislative intent consistent with our reading.

A

*First*, the plain meaning of the definition of Treatment Center does not include recovering addicts. The plain meaning of "*[c]urrent addiction* to a controlled substance that was used in an illegal manner or alcohol" is most naturally read to be limited to *current addicts*. Clairton Ordinance at § 337-12 (emphasis added). But Cornerstone argues that the phrase "was used" transforms the term "current addiction" into "current and past addiction." The thought being: a *current addiction* to a drug that *was used* implies that the use and addiction are in the past and, therefore, *not current*.

This interpretation places inordinate weight on the phrase "was used." The use of this phrase (albeit a past tense verb phrase) is no reason to depart from the otherwise plain meaning of "current addiction." This becomes evident when one considers that a current addiction "does not require that a drug user have a heroin syringe in his arm or a marijuana bong to his mouth at the exact moment contemplated." *Shafer v. Preston*

6

*Mem. Hosp. Corp.*, 107 F.3d 274, 278 (4th Cir. 1997).  One can be *currently addicted* to a drug that *was used* in the past.  That the *use* occurred in the preceding days or weeks does not alter one's status as a *current addict*.  *See, e.g., Salley v. Circuit City Stores, Inc.,* 160 F.3d 977, 980 n.2 (3d Cir. 1998) (finding, under the ADA, that the term "current user" includes individuals who have abstained from drug use for three weeks).

B

*Second*, even if the terms of the Ordinance were ambiguous, the overall context of the Ordinance confirms the City's interpretation.  When discerning the legislative intent of an ordinance, we presume that law-makers are "knowledgeable about existing law pertinent to the legislation it enacts."  *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184-85 (1988); *see also* 1 Pa.C.S.A. § 1921(c) ("When the words of the statute are not explicit, [courts may consider] other statutes upon the same or similar subjects.").

With this principle in mind, we find that the Ordinance, read as a whole, reflects a familiarity with and an intent to conform to the FHAA.  The Ordinance includes another category, "Group Homes," that would seem to encompass recovering addicts, as it states: "[i]t is the express intent of the City to comply with all provisions of the Federal Fair Housing Act, as amended, and regulations promulgated thereunder, in the construction of this term."  *Zoning Ordinance* at § 337-12.  This is consistent with the definition of Treatment Center, in which the language closely mirrors the language of the FHAA: "[c]urrent addiction to a controlled substance that was used in an illegal manner or alcohol" is nearly identical to the FHAA's description of the unprotected classification;

7

namely, "addiction caused by current, illegal use of a controlled substance." These considerations favor reading the Ordinance in harmony with the FHAA. Thus, Treatment Center would include only the unprotected class.[2]

III

For these reasons, we find that the Ordinance does not facially discriminate against recovering addicts in violation of the FHAA. Therefore, we will affirm the District Court's order.

---

[2] Because we are not presented with an as-applied challenge, we do not reach the issue of whether Cornerstone's operations were properly considered to be a Treatment Center.