IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of Yardley Spring, Inc.     :
From the Decision of the Zoning     :
Hearing Board of Wrightstown     :    No. 1479 C.D. 2023
Township Dated October 12, 2018     :
    :    Submitted: November 7, 2024
Appeal of: Yardley Spring, Inc.     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: December 19, 2024

Yardley Spring, Inc. (Yardley) appeals from the November 15, 2023 order of the Court of Common Pleas of Bucks County (trial court), which denied Yardley's land use appeal and affirmed the decision of the Wrightstown Township Zoning Hearing Board (Board) to uphold the Notice of Violation and Cease and Desist Order issued by Wrightstown Township pursuant to Section 1104.B.13 of the Wrightstown Township Joint Municipal Zoning Ordinance (Ordinance) relating to prohibited signs. Upon review, we affirm.

Yardley leases property located at 773 Durham Road, Wrightstown Township, Bucks County, Pennsylvania (Property) and operates a beer distributorship named "Cold Spring Beverages." The Property sits on a triangular plot of land, with two major thoroughfares, Route 413 and Second Street Pike, intersecting three

additional streets—Park Avenue, Durham Road, and Windy Bush Road— at the tip. The Property is located in Wrightstown Township's VC-2 Village Commercial zoning district.

On June 21, 2018, Wrightstown Township Zoning Officer, Edward T. Middleman (Middleman), issued a Notice of Violation and Cease and Desist Order to Yardley concerning three violations of Section 1104.B.13 of the Ordinance, titled "Prohibited Signs." One type of sign that the Township prohibits is contained in Section 1104.B.13, which prohibits

> **[a]ny vehicle or trailer which is parked** on a public right-of-way or on public or private property so as to be visible from a public right-of-way, which has attached thereto or located thereon any sign or advertising devices **for the basic purpose of providing advertisement of products** or directing people to a business or activity located on the same or nearby property or any other premises. **This section shall not prohibit any form of vehicular sign** attached to a bus or lettered **on a motor vehicle where the vehicle is not used for the basic purpose of providing advertisement** or direction as set forth above.

Ordinance, §1104.B.13 (emphasis added).

Yardley rectified two of the infractions but on July 18, 2018, Yardley appealed the remaining violation to the Board, which concerned a trailer Yardley parked on the Property. The trailer was a tow-behind refrigerated trailer that contained advertisements for goods and products available for sale at the Property. Specifically, the trailer lists advertisements for "KEGS," "CASES," "SINGLES," "SIX PACKS," "TWELVE PACKS," "BEER," "SODA," "CIGAR," "CRAFT," "IMPORT," "DOMESTIC," and "WATER & SODA" as well as graphics of glasses of beer, Cold Spring Beverage's logo, and Cold Spring Beverage's name of business. The trailer invites the public to "CALL TO RENT THIS BEER TRAILER: 215-493-6210" and

depicts additional advertising for Pat Deon Beverages, Puss-N-Boots Tavern, and Chairman's Boardroom Cigar Lounge & Golf and Cigar Co. (Reproduced Record (R.R.) at 8a-9a.) Yardley explained in its appeal that "the trailer in question is used in connection with the business and not used for the basic purpose of advertisement." *Id.* at 37a-40a.

At the hearing before the Board, Middleman testified that he performed 25 inspections of the Property between June 19, 2018, and August 15, 2018. *Id.* at 10a-11a. He observed the trailer to be parked on the Property on the Durham Road side of the Property. On each of these dates, the trailer was parked within the parking spot that is the most visible parking spot from the intersection of Durham Road and Second Street Pike. *Id.* at 11a. The trailer was also visible from Park Avenue. Middleman explained that there are parking spaces on the Property where the trailer would be less visible to the travelling public. *Id.* For instance, the trailer would be partially obstructed from view if parked in other locations on the lot, including between the front of the business and the adjacent property that contains a CVS pharmacy. *Id.*

Middleman testified that he based his conclusion that the trailer was in violation of the Ordinance on the "amount of advertising on the trailer." *Id.* at 14a. He testified that because it was parked in a highly visible spot, he concluded that the basic purpose of the trailer was for advertising. *Id.* He stated that if it had been parked between the CVS and the business, he would not have issued the citation for violation of the Ordinance, because "the basic purpose" of parking the trailer in that location would not be "advertising at that point." *Id.* at 16a.

The manager of Yardley, Brian Hall (Hall), testified that the mobile refrigerated draft unit is rented for use as a cold storage unit and for a beer tap system. *Id.* at 17a. There are beer taps on the left side and a compressor for the refrigeration.

3

*Id.* at 17a-18a. Customers rent it, hitch it to their vehicle and tow it to their property when they purchase kegs. *Id.* at 17a-18a. Hall agreed on cross-examination that Yardley wants people to view the trailer and then call to rent it. *Id.* at 19a. When asked why he parks it in that spot, he explained that it is not taking up spots for customers there, and it is easy for vehicles to back up to it to hitch it to their vehicles. *Id.*

At the conclusion of the hearing, the Board voted to deny the appeal and uphold the cease and desist order. On October 12, 2018, the Board issued a written decision that contained findings of fact and conclusions of law. On October 24, 2018, Yardley appealed the Board's written decision to the trial court. On November 15, 2023, the trial court issued an order denying the land use appeal and affirming the decision of the Board.

On appeal,[1] Yardley argues that the Board abused its discretion and committed an error of law when it concluded that the parking of the trailer in the location of the Property was for the basic purpose of advertising products or directing people to the business activity on the Property. The Ordinance, Yardley contends, does not preclude advertisement on a motor vehicle if that motor vehicle is being used for any other purpose besides advertising. It maintains that "the basic purpose of the trailer" is to transport, store and dispense cold beverages. It claims that the Board and trial court's finding that the trailer's basic purpose is advertisement and, therefore, is in violation of the Ordinance is not supported by substantial evidence. Yardley reasons that, because the trailer was used for other, legitimate business purposes, such as a cold storage unit and beer tap system, the basic purpose of the trailer was not for advertising.

---

[1] This Court's standard of review where no additional evidence was taken by the trial court is a determination of whether the zoning hearing board abused its discretion or committed an error of law. *Lamar Advertising of Pennsylvania, LLC v. Zoning Hearing Board of the Borough of Deer Lake*, 915 A.2d 705 (Pa. Cmwlth. 2007).

Generally, a zoning hearing board's interpretation of its own zoning ordinance is entitled to great weight and deference. *City of Hope v. Sadsbury Township Zoning Hearing Board*, 890 A.2d 1137, 1143 (Pa. Cmwlth. 2006). However, it is fundamental that ordinances are to be construed expansively such that the landowner is afforded the broadest possible use and enjoyment of his or her land. *River's Edge Funeral Chapel & Crematory, Inc. v. Zoning Hearing Board of Tullytown Borough*, 150 A.3d 132, 139 (Pa. Cmwlth. 2016).

Under Pennsylvania law, "zoning ordinances are to be construed in accordance with the plain and ordinary meaning of their words." *Phillips v. Zoning Hearing Board of Montour Township*, 776 A.2d 341, 343 (Pa. Cmwlth. 2001) (quoting *Light of Life Ministries, Inc. v. Cross Creek Township*, 746 A.2d 571, 573 (Pa. 2000)). Zoning ordinances, however, "should be construed in a sensible manner." *Council of Middletown Township v. Benham*, 523 A.2d 311 (Pa. 1987). "Like statutes, the primary objective of interpreting ordinances is to determine the intent of the legislative body that enacted the ordinance." *Keener v. Rapho Township Zoning Hearing Board*, 79 A.3d 1205, 1214 (Pa. Cmwlth. 2013) (citing *Adams Outdoor Advertising, L.P. v. Zoning Hearing Board of Smithfield Township*, 909 A.2d 469 (Pa. Cmwlth. 2006)); *see also Borough of Fleetwood v. Zoning Hearing Board of Borough of Fleetwood*, 649 A.2d 651, 656 (Pa. 1994) (stating that, when construing terms of a local ordinance, the legislative intent of the governing body is of primary concern).

To reiterate, the text of Section 1104.B.13 of the Ordinance provides as follows:

Prohibited Signs.
. . . .
**Any** vehicle or **trailer which is parked** on a public right-of-way or on public or private property **so as to be visible** from a public right-of-way, which has attached thereto or located thereon any sign or advertising device **for the basic purpose**

5

**of providing advertisement** of products or directing people to a business or activity located on the same or nearby property or any other premises. This Section **shall not prohibit** any form of vehicular sign such as a sign attached to a bus or lettered **on a motor vehicle where the vehicle is not used for the basic purpose of providing advertisement** or direction as set forth above.

Ordinance, § 1104.B.13 (emphasis added).

Such language is plain and unambiguous, and we need not go further than the text to determine the intent of the governing body in enacting this provision. The terms "motor vehicle" and "trailer" are not defined in the Ordinance. However, they both appear in the same section, and receive different treatment, indicating that the drafters intended that there be a distinction.[2]

The first sentence of Section 1104.B.13 states in relevant part that "[a]ny . . . **trailer** <u>**which is parked**</u> on . . . private property **so as to be visible** from a public right-of-way . . . **for the basic purpose of** providing advertisement of products or directing people to a business." We conclude that the first sentence applies to the trailer at issue here. We glean from the language of the first sentence that, when it comes to **trailers**, the prohibited conduct is focused on the purpose of the placement of the trailer, *i.e.*, whether it is parked in a particular location for the basic purpose of advertising. The first sentence does not speak to the purpose of the trailer itself. That

---

[2] In 2014, the Township appealed a similar notice of violation to the Board, which denied the appeal. In that case, the vehicle in question was a box truck, which was typically parked at an angle on the Property and partially in the right-of-way of Route 413. On appeal, this Court affirmed, specifically finding that, based upon the record, "[d]uring the relevant time period the vehicle was not moved, and therefore, the only purpose at the time the Notice of Violation was issued was for advertising." *Yardley Spring, Inc. v. Wrightstown Township Zoning Hearing Board* (Pa. Cmwlth. No. 1999 C.D. 2014, filed June 18, 2015), slip op. at 5. We also emphasized the fact that "the vehicle was parked at an angle across multiple parking spaces, with the edge of the vehicle hanging over the road, so as to be most visible to the traveling public." *Id.* We further noted that the truck was parked "in the same angled manner for several weeks." *Id.*

is, it does not matter if the trailer is used predominantly for advertising or another purpose. Any possible infraction is determined based on **where** the trailer is parked and whether it has been positioned at that spot for the basic purpose of advertising. Therefore, the basic fundamental purpose **of the trailer** itself is irrelevant and does not help Yardley because it is the placement of the trailer that gives rise to the infraction.

The second sentence of the Ordinance provides an exception for buses and **motor vehicles**. A motor vehicle may be parked anywhere on the property as long as it is not used for the basic purpose of advertising. Evidence of the basic purpose of the motor vehicle **is** relevant to establish the exception.

Here, Yardley erroneously attempts to invoke the exception by amplifying the basic purpose of the **trailer** (it is refrigerated, it is a tap wagon, etc.). These are facts that are relevant to determine if the location of a motor vehicle is in violation of the Ordinance. However, because the placement of a trailer is at issue, the purpose of the trailer itself is not relevant. The exception for motor vehicles in the second sentence simply does not apply.

Yardley's mistake is to treat the term "motor vehicle" in the second sentence to include "trailer." If the drafters of the Ordinance wished to except trailers whose purpose is not for the basic purpose of providing advertisement, it would have clearly added trailers to the second sentence. However, it limited the exception to motor vehicles. Therefore, we conclude that the Ordinance does not make an exception for trailers, which are not used for the basic purpose of providing advertisement. Thus, it is not relevant for our purposes that the use of the trailer is for the basic purpose of advertising.

The Property is triangular in shape with two major thoroughfares, Route 413 and Second Street Pike, intersecting with three additional streets at its tip. The

trailer is parked in the spot closest to the tip so that it may be seen at a minimum from both Route 413 and Second Street Pike, but also most likely from the additional three intersecting roadways. The Board and trial court found that Yardley could easily park the trailer in a spot along the "bottom" side of the triangle where it is likely to go undetected due to its proximity to the roadways and the adjacent shrubbery and trees that would effectively obscure the trailer from view. This finding is supported by substantial evidence as Hall admitted that there are multiple parking spaces on the Property where the trailer could be parked that would render it less visible to the traveling public. Accordingly, the trial court did not err when it upheld the notice of violation and cease and desist order issued by the Township.

The order of the trial court is affirmed.

PATRICIA A. McCULLOUGH, Judge

Judge Covey did not participate in the decision for this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of Yardley Spring, Inc.     :
From the Decision of the Zoning     :
Hearing Board of Wrightstown     :    No. 1479 C.D. 2023
Township Dated October 12, 2018    :
                                     :
Appeal of: Yardley Spring, Inc.      :

## ***ORDER***

AND NOW, this 19th day of  December, 2024, the November 15, 2023 order of the Court of Common Pleas of Bucks County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge